## ADLER & CHILDS, INC v STEWART

Ohio Appeals, 2nd Dist, Montgomery Co

No 1290.   Decided Feb 6, 1935

McMahon, Corwin, Landis & Markham, Dayton, and Irvin G. Bieser, Dayton, for plaintiff in error.

Arthur E. Eaton, Dayton, for defendant in error.

**OPINION**

By HORNBECK, PJ.

The errors assigned are numerous but are directed chiefly to three points, which we discuss under the heading and in the order presented in the brief of counsel for defendant. As a part of the case of defendant there was offered Ordinance No. 13450, Part 10, §807, Sub-section (d) of the building code of Dayton, Ohio, entitled "Doors and Sidewalks:"

"All doors and coal hole covers shall close flush with the surface of the sidewalk, and no lock, hinge or other device or part shall project above the level of the same. All doors shall have a roughened or non-slipping surface. All doors when open shall form a rigid guard, and the sides unguarded · shall be safeguarded with metal rails or lattice work, or metal rails or lattice work shall be placed around ·the entire opening except the side in use. Chain rails will not

be permitted. Doors shall only remain open when in actual use for the reception or delivery of goods or material."

The ordinances plead in the petition, heretofore mentioned, are as follows:

"**Section 469. Sidewalk Openings Closed.** It shall be unlawful for any person owning or occupying any cellar, or any coal hole, vent, or other opening which may be in any street or sidewalk of the city, to cause or allow such cellar door, coal hole, vent, or other opening in the sidewalk or street to remain open except as hereinafter provided."

"**Section 470. Barriers.** Said cellar door or other opening in the street or sidewalk may be left open in the daytime provided such guards and barriers are placed above said opening to prevent persons lawfully on and using the highway from injury by reason of said cellar door or other opening being left opened."

The court gave Special Charge No. 5 before argument at the request of the defendant, which charge provided:

"The court charged you as a matter of law that the ordinance of the city of Dayton in effect at the time of this accident provided that doors in sidewalks might remain open when in actual use for the reception or delivery of goods or material and further that the side of said open doors in use was not required to be closed in by a barrier during such use."

In answer to special interrogatories the jury found that the defendant was negligent as charged in the petition in that "The cellar opening was unguarded while delivery was made from truck, opposite side of street."

It is claimed that the answers to this interrogatory were inconsistent with the general verdict and inasmuch as in that situation the answers to the special interrogatories must control, the trial court should have sustained a motion for judgment notwithstanding the verdict.

We do not perceive any inconsistency in the status of the case as heretofore outlined. The court charged and properly so, that the petition relied not alone upon negligence in the failure to observe the law of the ordinance as plead but also common law negligence in the failure to exercise ordinary care by placing barriers or guards or some protective device in front of or over the opening into the cellar-way. If the jury had found that the ordinance of

the city, introduced by the defendant, had not been violated, still the defendant may not have been absolved upon the test of ordinary care in the situation presented at the time of the accident. Then, too, the jury may have found, consistent with its answer to the interrogatory, that the ordinance which the defendant company introduced had not been observed.

Let us examine the provisions of this ordinance, in view of the circumstances present at the time and place of the accident. We have a narrow street, about twenty (20) feet wide, the south side thereof completely occupied by parked vehicles and trucks, leaving but a narrow road for two lines of traffic. Market day, heavy traffic, both vehicular and pedestrians. Truck with merchandise which it would take approximately one-half hour to unload is parked on the opposite side of the street from the rear of the Adler & Childs' sidewalk delivery opening. In this situation every time that a piece of the freight was to be moved from the truck to the shipping chute there would be a considerable delay, the length thereof depending upon many of the factors which we have heretofore set forth. During the interim between the time that one package had been unloaded and the truckman had returned to his truck and unloaded and transported across the street another box, the cellar-way was open and unguarded at the front thereof. The ordinance says:

"Doors shall only remain open when in actual use for the reception or delivery of goods or material."

Can it be said that the cellar-way was in actual use for reception or delivery of goods or material when the truckman was across the street preparatory to returning with another box? If this ordinance can be given this flexible meaning then delivery from a truck a square away would meet the requirements of the ordinance. It was well within the prerogative of the jury to find that the specific provisions of the ordinance which the defense introduced were not observed. The purpose of all the ordinances, both those introduced by the plaintiff and the one introduced by the defendant, is to afford protection to the public but to permit the proper use of the cellar opening as necessity or usage demands.

Point two is the claim that the court erred in the refusal to direct a verdict in favor of the defendant and against the plaintiff on the question of proximate causation. It is the theory of the defendant that the sole cause of plaintiff's injury was her own contributory negligence and the negligence of the driver of the truck which struck her basket; that, although the hole had been negligently left open by the defendant, the plaintiff suffered no injury thereby which would not have been occasioned had the doors been closed or had there been a barrier or watchman in front of them.

Our attention is directed to Segal v Horowitz Bros., 32 Oh Ap, 1 (7 ABS 260), in which case motion to certify was overruled April 24, 1929; Construction Company v Glass, 122 Oh St, 398; Pfau Mfg. Co. v Beck, 17 C.C. (N.S.) 466; First National Bank v Western Union Telegraph Co., 30 Oh St, 555; Hrovat v Cleveland R. R. Co., 125 Oh St, 67; Adams v Young, 44 Oh St, 80; Ferguson v Miami Powder Co., 9 C.C., 445; Drake v East Cleveland, 101 Oh St, 111, for the defendant.

Pittsburgh R. R. Co. v Staley, 41 Oh St, 118; Community Traction Co. v Freeman, 116 Oh St, 448; Pennsylvania R. R. Co. v Snyder, 55 Oh St, 342; Neff Lumber Co. v Dyken, 122 Oh St, 302; Szabo v Tabor Ice Cream Co., 37 Oh St, 43; Kelley v Columbus, 41 Oh St 268, and others are cited by the plaintiff.

We have examined these cases. The proper limits of this opinion will not permit specific discussion of the facts and the law as therein found. Suffice to say that upon the most favorable intendment for the plaintiff on the facts in the instant case, we find distinct differences from those cases cited by the defendant, wherein it was held that the defendant's acts did not constitute the proximate cause of injury to plaintiff.

In this case it should be observed that the necessity which required the plaintiff to walk in front of the aperture into which she fell was occasioned by the act of the defendant company. The impact which caused her to fall was so light that in and of itself she would have suffered no injury. If, as she lost her balance there had been a barrier upon which she would have been compelled to rest, then it is not at all probable that she would have been injured at all. One of the causes of her injury was the open areaway into which she was precipitated and the wrench incident to her fall and the strain caused by the suspension of her body upon her arm and right hand.

It seems to us that the case presents a fine illustration of combined causes. The

trucking company by striking plaintiff's basket caused her to lose her balance. The opening in the cellarway, unguarded and unprotected, permitted her to fall into it and thereby suffer her injury.

It is said in 29 O. Jur., page 491:

"The fact that some other cause operated with the negligence of a defendant in producing an injury does not relieve him from liability, unless it is shown that such other cause would have produced the injury, independently of his negligence." See also Ry. Co. v Helber, 91 Oh St, 241-242 which case is distinguished at pages 117 and 118 of Drake v E. Cleveland, supra, 29 O. Jur., 491.

"If the injury is produced by the negligence of two persons, each contributing a necessary condition to the result, either, or both, may be held responsible at the election of the party injured; neither can claim exoneration on account of the fault of the other. Thus, where by the negligence of a street car conductor an intending passenger is thrown into the street, where he is injured by the negligence of a motorist which concurs with that of the conductor, the street railway company is liable." Citing a number of cases.

In point three it is urged that the plaintiff is chargeable with contributory negligence as a matter of law. We do not believe this position is tenable. Although it clearly appears that the plaintiff knew that the iron doors were raised and it is a proper inference to assume that she knew that between them was an opening, it does not follow that she was put on notice that there was no protection whatever in front of the hole.

It is true that upon some of the testimony it appears that the truck driver driving the truck which struck her basket sounded his horn as he approached the cellar. The truck driver is not at all certain if he sounded any horn and he is quite sure that he did not sound it for the purpose of warning the plaintiff, because he says he did not see her. Although the plaintiff may have heard his horn it cannot be said that she would have known that it had any reference to her or that thereby she would have been put on notice that she might be struck. Although the jury may properly have found that her basket did project an inch or two into the street and that walking in such proximity to moving automobiles under the circumstances constituted

contributory negligence, this would not constitute negligence as a matter of law.

We have fully examined all the questions urged by the defendant and are satisfied that no error intervened to its prejudice. The case was carefully and well tried by counsel for both parties. The court charged the jury upon every phase of the case, properly and at length; the issues of fact were definitely drawn and in our judgment the verdict is consistent with the plaintiff's theory of the case and not irreconcilable with the answer to any interrogatory.

The judgment, therefore, will be affirmed.

KUNKLE and BARNES, JJ, concur.